

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00118-CV

Jesus **VIRLAR**, M.D. and GMG Health Systems Associates, P.A., a/k/a and d/b/a Gonzaba
Medical Group,
Appellants

v.

Jo Ann **PUENTE**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-04936
Honorable Norma Gonzales, Judge Presiding

### OPINION ON MOTION FOR REHEARING AND REMITTITUR

Opinion by:   Liza A. Rodriguez, Justice
Concurring and Dissenting Opinion by: Sandee Bryan Marion, Chief Justice, joined by Patricia
O. Alvarez, Justice

Sitting:[1]      Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Irene Rios, Justice
                 Beth Watkins, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: May 6, 2020

AFFIRMED IN PART AS MODIFIED, REVERSED AND REMANDED IN PART; MOTION
FOR REHEARING DENIED

---

[1] Justice Rebeca C. Martinez has recused herself from this appeal.

Appellee Jo Ann Puente has filed two remittiturs with the clerk of this court. The first is a remittitur in the amount of $8,000.00 as suggested in our original opinion dated February 5, 2020. *See Virlar v. Puente*, No. 04-18-00118-CV, 2020 WL 557735, at *32 (Tex. App.—San Antonio Feb. 5, 2020, no pet. h.) (suggesting remittitur pursuant to Texas Rule of Appellate Procedure 46.3). The second is a voluntary remittitur in the amount of $434,000.00 pursuant to Texas Rule of Appellate Procedure 46.5, which Puente argues will cure any reversible error committed by the trial court with respect to Issue 4 (the settlement credit issue). *See id*. at *20-29. Puente has also filed a motion for rehearing, requesting that this court reconsider its holdings with respect to Issue 4 (the settlement credit issue) and Issue 5 (the periodic payments of future medical expenses issue). We accept Puente's first remittitur of $8,000.00. However, we reject Puente's second remittitur of $434,000.00 and deny her motion for rehearing.

Texas Rule of Appellate Procedure 46.5 provides that if a court of appeals reverses a "trial court's judgment because of a legal error that affects only part of the damages awarded by the judgment, the affected party may . . . voluntarily remit the amount that the affected party believes will cure the reversible error." TEX. R. APP. P. 46.5. If "the court of appeals determines that the voluntary remittitur cures the reversible error, then the court must accept the remittitur and reform and affirm the trial court judgment in accordance with the remittitur." *Id*. "If the court of appeals determines that the voluntary remittitur is not sufficient to cure the reversible error, *but that remittitur is appropriate*, the court must suggest a remittitur in accordance with Rule 46.3." *Id*. (emphasis added). For the reasons stated in our opinion with regard to Issue 4, we do not believe that remittitur is appropriate on the settlement credit issue. *See Virlar*, at *29 (explaining that the trial court denied Dr. Virlar and Gonzaba's motion for settlement credit but did not have an opportunity to make an evidentiary finding as to any benefit Puente received from C.P.'s settlement). Nor can we conclude, based on the record before us, whether $434,000.00 would cure

the error. *See id*. (summarizing testimony by guardian ad litem at friendly suit hearing and affidavit filed by Puente's counsel). We therefore reject Puente's second remittitur in the amount of $434,000.00. *See* TEX. R. APP. P. 46.5; *M & A Tech., Inc. v. iValue Grp., Inc.*, 295 S.W.3d 356, 372 (Tex. App.—El Paso 2009, pet. denied) (op. on reh'g) (rejecting voluntary remittitur because remittitur inappropriate under appellate record presented).

The trial court's judgment is modified to reflect that Appellee Jo Ann Puente recover damages against appellants for loss of future earning capacity in the amount of $880,429.00. *See* TEX. R. APP. P. 46.3, 46.5; *see Virlar*, 2020 WL 557735, at \*32. We do not disturb any other damages awarded by the jury. For reasons explained fully in our original opinion, the trial court's judgment is reversed in part, and the cause is remanded to the trial court for it (1) to conduct an evidentiary hearing on any benefit received by Puente from C.P.'s settlement with the hospital pursuant to *Utts* and apply an appropriate settlement credit, if any; (2) to make a determination under section 74.503(c) and (d) of the amount of damages awarded for future medical care expenses that should be paid in periodic payments; and (3) to sign a new judgment in conformity with this opinion and our previous opinion of February 5, 2020. *See Virlar*, 2020 WL 557735, at \*28-33.

Liza A. Rodriguez, Justice